## 7511

### MOBLEY v. MOBLEY.

WILLS.—Under the scheme of this will the son of a niece, two nieces, the children of a grandniece and the children of testator's other nephews and nieces each take one share.

MR. JUSTICE GARY *dissents.*

Before MEMMINGER, J., Chester, August, 1909. Affirmed.

Action by Samuel D. Mobley and Frank M. Durham, administrators with will annexed of Samuel W. Mobley, against Frel Mobley, Alline M. Green *et al.* From circuit decree, some defendants appeal.

*Messrs Ragsdale & Dixon,* for appellants. *Mr. Dixon* cites: *Rules of construction of wills:* 29 S. C., 470; 28 S. C., 129; 27 S. C., 297; 26 S. C., 462; 20 S. C., 428; 26 S. C., 179; 17 S. C., 536; 23 S. C., 232; 30 S. C., 188; 27 S. C., 297; 7 Rich. Eq., 425; 23 S. C., 455; 29 S. C., 471; 1 Hill Ch., 265; 11 Rich., 514; 2 Strob. Eq., 101; 15 S. C., 442; 19 S. C., 351; 7 Rich. Eq., 425; 16 S. C., 227; 2 Jar., 690. *Children of Minnie Dixon take per fornam doni:* Bail. Eq., 352; 3 Rich. Eq., 559. *How estate cut down:* 2 Story Eq., sec. 1069; 2 Pom. Eq. Jur., sec. 1014 *et seq.;* 109 U. S., 725; 5 S. C., 450; 7 L. R. A., 376.

*Mr. A. G. Brice,* for plaintiff, contra, cites: *Children cannot be construed to mean grandchildren:* 7 L. R. A., 367; 7 Rich. Eq., 107; 9 Rich. Eq., 67; 25 S. C., 361. *Rule of construction:* 2 Des. Eq., 57; 1 Hill Ch., 311; 2 Hill Ch., 41; 29 Am. R., 688; 17 S. C., 90.

*Messrs. S. E. McFadden* and *J. H. Marion,* for respondent defendants. No argument.

March 18, 1910. The opinion of the Court was delivered by

Mr. Chief Justice Jones. The appeal involves the construction of the ninth clause of the will of Samuel W. Mobley, who died October 15, 1889, which is as follows:

"Ninth. At the death of my said wife, or at my death, if she does not survive me, I will, bequeath and devise the property described in the eighth (8th) clause to the following designated persons, to wit: Frel Mobley, son of Mary Mobley, deceased, the children of Edward B. Mobley, the children of George Mobley, deceased, the children of Edward D. Mobley, the children of Samuel W. Mobley, the children of William D. Mobley, the children of Minnie Dixon (daughter of David Mobley, deceased), the children of Amelia Dixon, deceased, the children of Mary Dixon (wife of Tillman

Dixon), the children of Catherine Mockbee, Susan Cunningham, Lilly Douglas, the children of Minnie Durham, the children of Eliza Kittridge, deceased, the children of Cicely Ward, deceased, the children of Mary (Robinson) Mobley, deceased, and the children of Edward H. Talliaferro, each one of the children of my nephews and nieces above named, who have children to take an equal share with my nieces, Susan Cunningham and Lilly Douglas, who have no children, and with each other."

Susan Cunningham and Lilly Douglass are nieces of the testator. Frel Mobley is the only son of a predeceased niece, thirteen of the classes designated "children" are children of nephews and nieces, and the remaining class, "the children of Minnie Dixon, daughter of David Mobley, deceased," are children of a grandniece.

Judge Memminger construed the will as giving one share each to Frel Mobley, Susan Cunningham and Lilly Douglas, one share to the children of the grandniece, Minnie Dixon as a class, and one share to each of the children of the nephews and nieces.

We approve this construction. The will expressly forbids a construction which would give to Frel Mobley one seventeenth of the estate, because he is the child of a niece, and the will declares: "each one of the children of my nephews and nieces * * to take an equal share with my nieces, Susan Cunningham and Lilly Douglas * * and with each other." There are many more than seventeen children of nephews and nieces, hence the share of Frel Mobley must be precisely the same as that of Susan Cunningham and Lilly Douglas and each of the children of nephews and nieces.

The real difficulty arises in determining whether the testator intended to give each of the children of Minnie Dixon, a grandniece, a share equal to that given to the nieces, Susan Cunningham and Lilly Douglas. We know that he meant to give each grandnephew, and grandniece the same share as each of the nieces, Susan and Lilly, because he

expressly said so, but there is nothing to show that he intended to give each great-grandnephew, and each great-grandniece a share equal to each of the nieces.

As correctly held by the Circuit Court, the same rule of construction which, except under compelling circumstances, will not allow "children" to mean "grandchildren," will not permit children of a nephew or niece to mean children of a grandnephew or grandniece.

*Izard* v. *Executors,* 2 Des., 312; *Mathis* v. *Hammond,* 6 Rich. Eq., 402; 2 Jarman on Wills, 697-8; *Gray* v. *Woodward,* 7 L. R. A., 367; *Willard* v. *Darrah,* 90 Am. St. Rep., 468; *Downing* v. *Nicholson,* 91 Am. St. Rep., 175.

It appears that testator did not make a mistake in supposing for the moment that Minnie Dixon was a niece instead of a grandniece, because he refers to her as the daughter of David Mobley, who was a nephew. Hence we are shut in to the construction that the devise was to the children of Minnie Dixon as a class to take among them one share equal to the share going to each of the nieces and children of nephews and nieces.

The judgment of the Circuit Court is affirmed.


MR. JUSTICE GARY, *dissenting.* The plaintiffs herein seek the aid of the Court in construing the will of Samuel W. Mobley, who departed this life on the 15th day of October, 1889.

After making certain specific bequests, the testator thus disposes of his property by the eighth and ninth clauses of his will, which are as follows:

Eighth. "All the rest, residue and remainder of my estate, both real and personal, I will, bequeath, and devise to my beloved wife, Martha T. Mobley (should she survive me), for her to hold, enjoy, use and receive the benefit of the same for and during the term of her natural life.

Ninth. "At the death of my said wife, or at my death, if she does not survive me, I will, bequeath, and devise the

property described in the eighth (8th) clause to the follow-
ing designated persons, to wit: Frel Mobley, son of Mary
Mobley, deceased, the children of Edward B. Mobley, the
children of George Mobley, deceased, the children of
Edward D. Mobley, the children of Samuel W. Mobley, the
children of William D. Mobley, the children of Minnie
Dixon (daughter of David Mobley, deceased), the children
of Amelia Dixon, deceased, the children of Mary Dixon
(wife of Tillman Dixon), the children of Catharine Mock-
bee, Susan Cunningham, Lilly Douglas, the children of Min-
nie Durham, the children of Eliza Kittridge, deceased, the
children of Cicely Ward, deceased, the children of Mary
(Robinson) Mobley, deceased, and the children of Edward
H. Talliaferro, each one of the children of my nephews and
nieces above named who have children, or who being
deceased have left children to take an equal share with my
nieces, Susan Cunningham and Lilly Douglas, who have no
children and with each other."

Frel Mobley, specifically mentioned in the ninth clause,
was the only son of a pre-deceased niece; Susan Cunningham
and Lilly Douglas were nieces, who had no children; thirteen
of the fourteen classes are the children of nephews and
nieces; and the children of Minnie Dixon, a grandniece,
compose the remaining class. Five of her children were
*in esse,* when the testator died, and seven others were born
before the death of Martha T. Mobley, the life-tenant, who
died on the 27th day of November, 1908.

In his decree, his Honor, the Circuit Judge, thus disposes
of the main question presented by the exceptions:

"It is quite apparent here that the serious question falling
out for decision, is as to what rule or division is fixed by
the will for the children of Minnie Dixon, the grandniece.

"The law favors the early vesting of estates, and will hold
a remainder to be vested, unless clearly contingent beyond
a reasonable doubt. Under the terms of this will, I am sat-
isfied that the remainders were all vested, and consequently

transmissible, and that the children living, at the death of the testator, of the nephews and nieces named, and of the grand-niece, took vested remainders. See *Tindal* v. *Neal*, 59 S. C., 11, 36 S. E., 1004; *Boykin* v. *Boykin*, 21 S. C., 529; *Durant* v. *Nash*, 30 S. C., 192, 9 S. E., 19.

"Were it not for the rule of division in the last paragraph of clause nine, the estate would have been divisible into seventeen (17) parts, to wit: one part to each of the three persons named, Frel Mobley, Susan Cunningham, and Lilly Douglas, and one part to the children of each of the nephews and nieces and the grandniece named, fourteen in all.

"Under the said last paragraph, however, each child of a nephew or niece is to take a share equal to the share of the named persons, Susan Cunningham and Lilly Douglas; and if we hold that he meant the same rule to apply to the children of the grandniece, the division would be one share to each of said three, and as many other shares as there were children of nephews and nieces and of the grandniece, living at the death of testator.

"If, however, we hold that the rule of division for children of nephews and nieces in said paragraphs does not apply to the children of the grandniece, the words grand-niece not being used therein, the division would be one share to each of said three, one share to the children of the grand-niece, as a class, and as many other shares as there were children of nephews and nieces, each of such children taking the same share as the said three; but the children of the grandniece taking only one share divisible equally among them.

"I am positive for deciding upon this latter construction, to hold otherwise would be to write into the said paragraph of the will words not appearing there, nor warranted by a fair construction of all of the terms of the will, to wit: chil-dren of my grandniece."

After quoting the last portion of the ninth clause of the will, he says:

"Mrs. Dixon herself comes within the description of the testator in the above statement, for she is named above in the will, and she is the child of a deceased nephew, and the statement shows it was the testator's intention to give each of the children of his nephews and nieces who had children, an equal share with Mrs. Cunningham and Mrs. Douglas, who had no children; and he made no exceptions. Now, the children of Minnie Dixon are given a share instead of herself, without any express provision as to what share or proportion they are to take, or what number there were of them; and with the above express declaration as to the method of distribution by testator, the clear inference follows that his intention was for the children of Minnie Dixon, to take her one share alone by substitution.

"The decision being that Minnie Dixon's children take one share and were not referred to in the rule of distribution for children of nephews and nieces, and it appearing that she had five children at the death of testator, and has since had during the life estate, seven others, all now living, the question is, do the five take all of the one share to the exclusion of the afterborn children, or do the afterborn seven take an equal share with the five?

"My decision upon this point, under the authorities, is, that the remainder vested in the five children as a class at testator's death, but opened up to let in each of the afterborn children; so that the share of the children of Minnie Dixon is now divisible among the said twelve. See particularly upon this point of the remainder vesting in the children living at the death of testator and opening to let in others born thereafter, and before the falling in of the particular estate, to wit: the period of distribution fixed by the will, the following cases: *Wessenger* v. *Hunt,* 9 Rich. Eq., 459; *Brown* v. *McCall,* 44 S. C., 519, 22 S. E., 823; *Gourdin* v. *Deas,* 27 S. C., 484, 4 S. E., 64.

The Circuit Judge also ruled that all the remainders were vested and transmissible; and from this ruling there was

no appeal, nor did the respondents give notice that they would ask that the decree be sustained upon additional grounds.

We may say, however, that the ruling is sustained by the authorities.

When the ninth clause is analyzed, it will be seen that it is divisible into two parts: (1) that which devises the property to the beneficiaries therein named, and (2) that which provides for the manner of distribution.

The Circuit Judge correctly ruled, that "were it not for the rule of division in the last paragraph of clause nine, the estate would have been divided into seventeen parts, to wit: one part to each of the three persons named, Frel Mobley, Susan Cunningham and Lilly Douglas, and one part to the children of each of the nephews and nieces and the grandniece named, fourteen in all." But we do not take the same view as the Circuit Judge when he says:

"If, however, we hold that the rule of division for children of nephews and nieces in said paragraph does not apply to the children of the grandniece, the words grandniece not being used therein, the division would be one share to each of said three, one share to the children of the grandniece, as a class, and as many other shares as there were children of nephews and nieces, each of such children taking the same share as the said three; but the children of the grandniece taking only one share divisible equally among them."

In the first place, the provision in the last paragraph of clause nine, that the children of his nephews and nieces should take an equal share with his nieces, *Susan Cunningham and Lilly Douglas,* shows that they were not to take an equal share with *Frel Mobley;* and that said paragraph was not intended to apply to his share, which was one-seventeenth.

In the second place, that paragraph was inapplicable to the share of the children of the grandniece, which was one-seventeenth, as the word "niece," does not include a grandniece.

Nor do we concur in the conclusion of the Circuit Judge that Mrs. Dixon herself comes within the description in the second part of the ninth clause, as the express language of the will shows that the intention of the testator was, that the *children of the grandniece, and not the grandniece herself,* were to take under the will. If the *grandniece* took, at all, it would be in her own right, and, in that event, her *children* would have no interest in the estate.

The divisions should be made as follows: One share to Frel Mobley, one share to all the children of Minnie Dixon, and the other fifteen shares, equally share and share alike, between the children of the nephews and nieces, and Susan Cunningham and Lilly Douglas.

This construction gives force and effect to all the words of the will, and renders unnecessary the interpolation, into it, of other words.

For these reasons I dissent.